# EXHIBIT "1"

#23029463_v1

lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)

 

# Miami-Dade County Civil, Family and Probate Courts Online System

◄◄ Back to Results

**Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding** Access Security Matrix. (https://www.floridasupremecourt.org/content/download/241418/2133339/AOSC18-16.pdf)

## FERNANDO CATANIA VS NINJA LOUNGE LLC ET AL

**Local Case Number:** 2019-012987-CA-01

**Filing Date:** 04/30/2019

**State Case Number:** 132019CA012987000001

**Case Type:** Other Civil Complaint

**Consolidated Case No.:** N/A

**Judicial Section:** CA06

**Case Status:** OPEN

---

👥 **Parties**                            **Number of Parties: 5** ➕

🔧 **Hearing Details**

Number of Hearing: 0 

## 🔊 Dockets

Dockets Retrieved: 18 ➖

📤 Export to ▾

|  | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 14 | 05/15/2019 |  | Service Returned | Event |  |
| 📄 | 13 | 05/14/2019 |  | Service Returned | Event |  |
|  |  | 05/03/2019 |  | 20 Day Summons Issued | Service |  |
| 📄 | 12 | 05/03/2019 |  | ESummons 20 Day Issued | Event | *Parties: DEZER MICHAEL* |
|  |  | 05/03/2019 |  | 20 Day Summons Issued | Service |  |
| 📄 | 11 | 05/03/2019 |  | ESummons 20 Day Issued | Event | *Parties: LIVINGSTON MALKA* |
|  |  | 05/03/2019 |  | 20 Day Summons Issued | Service |  |
| 📄 | 10 | 05/03/2019 |  | ESummons 20 Day Issued | Event | *Parties: DEZERLAND PARK LLC* |
|  |  | 05/03/2019 |  | 20 Day Summons Issued | Service |  |
| 📄 | 9 | 05/03/2019 |  | ESummons 20 Day Issued | Event | *Parties: NINJA LOUNGE LLC* |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 8 | 05/03/2019 | | Receipt: | Event | **RECEIPT#:3480086 AMT PAID:$40.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMM** |
| | 3 | 05/02/2019 | | Receipt: | Event | **RECEIPT#:3370330 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RE** |
|  | 7 | 05/01/2019 | | (M) 20 Day (P) Summons (Sub) Received | Event | |
|  | 6 | 05/01/2019 | | (M) 20 Day (P) Summons (Sub) Received | Event | |
|  | 5 | 05/01/2019 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
|  | 4 | 05/01/2019 | | (M) 20 Day (C) Summons (Sub) Received | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 2 | 04/30/2019 | | Complaint | Event | |
| | 1 | 04/30/2019 | | Civil Cover | Event | |

 Back to Results

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: https://www8.miamidade.gov/global/disclaimer/disclaimer.page (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH) |

Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Clerk's Home (http://www.miami-dadeclerk.com/home.asp) |

Privacy Statement (https://www8.miamidade.gov/global/disclaimer/privacy-and-security.page) |

Disclaimer (https://www8.miamidade.gov/global/disclaimer/disclaimer.page) | (http://www.miamidade.gov)

Contact Us (http://www.miami-dadeclerk.com/contact.asp) |

About Us (http://www.miami-dadeclerk.com/about.asp)

2015 Clerk of the Courts. All Rights reserved.

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH   JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

Case No.:_____
Judge: _____

FERNANDO CATANIA
 Plaintiff

vs.

NINJA LOUNGE, LLC, DEZERLAND PARK, LLC., MALKA LIVINGSTON, MICHAEL DEZER
Defendant

### II.   TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**  **REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☒  Non-monetary declaratory or injunctive relief;
    ☐  Punitive

**IV.**  **NUMBER OF CAUSES OF ACTION: (    )**
    (Specify)

    <u>4</u>

**V.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

**VI.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

**VII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒  Yes
    ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jason S Remer</u>    FL Bar No.: <u>165580</u>
    Attorney or party                                 (Bar number, if attorney)

    <u>Jason S Remer 04/30/2019</u>
    (Type or print name)                                Date

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: _____

FERNANDO CATANIA,

     Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

     Defendants.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, FERNANDO CATANIA, (hereinafter "Plaintiff"), on behalf of himself, by and through undersigned counsel, who files this Complaint against Defendants, NINJA LOUNGE, LLC., DEZERLAND PARK, LLC., MALKA LIVINGSTON, individually and MICHAEL DEZER, individually. (collectively "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid minimum wage and/or overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the "FLSA".

3. Defendant, NINJA LOUNGE, LLC. having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, DEZERLAND PARK, LLC. having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, MALKA LIVINGSTON, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, NINJA LOUNGE, LLC.

6. Defendant, MICHAEL DEZER, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, DEZERLAND PARK, LLC.

7. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON
## TO ALL CLAIMS

9.  Plaintiff, FERNANDO CATANIA, was employed with Defendants from on or about February 20, 2018 to on or about September 17, 2018, as a non-exempt employee.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period February 20, 2018 to on or about September 17, 2018, Defendants failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week.

12. During the relevant time period Plaintiff performed thirty (30) hours of overtime each week for which Defendants failed to pay Plaintiff at one and a half times Plaintiff's regular rate of pay.

13. During the relevant time period, Plaintiff was paid approximately nine hundred ($900) a week.

14. At all times material hereto Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

15. Defendants failed to pay Plaintiff for hours above forty (40).

16. On or about August 2018, NINJA LOUNGE, LLC. and DEZERLAND PARK, LLC. merged companies.

17. Without Plaintiff's consent or knowledge, Defendant gave Plaintiff more hours but paid him at a much lower rate.

18. Plaintiff had originally asked to work less hours and get a higher rate of pay.

19. Plaintiff complained about not being paid for all his hours overtime worked for Defendnats.

20. Plaintiff was terminated on or about September 17, 2018, shortly after complaining about his unpaid hours in retaliation for his complaints.

21. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.   The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
*Wage & Hour Federal Statutory Violation Against*
*NINJA LOUNGE, LLC. &*
*DEZERLAND PARK, LLC.*

22. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

23. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

24. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

26. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

28. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

29. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

30. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

31. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

32. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Wage & Hour Federal Statutory Violation Against*
*MALKA LIVINGSTON*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

34. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

35. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. At the times mentioned, Defendant MALKA LIVINGSTON had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

37. Defendant MALKA LIVINGSTON was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

38. Defendant MALKA LIVINGSTON had operational control of the business and is thus jointly liable for Plaintiff's damages.

39. Defendant MALKA LIVINGSTON willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MALKA LIVINSTON:

    A. Adjudge and decree that Defendant MALKA LIVINGSTON has violated the FLSA

and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant MALKA LIVINGSTON is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## COUNT III
### Wage & Hour Federal Statutory Violation Against
### MICHAEL DEZER

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

41. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

42. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

43. At the times mentioned, Defendant MICHAEL DEZER had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

44. Defendant MICHAEL DEZER was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

45. Defendant MICHAEL DEZER had operational control of the business and is thus jointly liable for Plaintiff's damages.

46. Defendant MICHAEL DEZER willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant MICHAEL DEZER:

A. Adjudge and decree that Defendant MICHAEL DEZER has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant MICHAEL DEZER is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## COUNT IV
### FLSA Retaliation against NINJA LOUNGE, LLC. & DEZERLAND PARK, LLC.

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

48. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

49. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

50. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices.

51. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   4-30-19

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019-012987-CA-01

FERNANDO CATANIA,

     Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

     Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: NINJA LOUNGE, LLC., through its Registered Agent:

SIMPLY LEGAL, LLP.
1395 BRICKELL AVE
ATTN: LEGAL SERVICES
MIAMI, FL 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                      DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019-012987-CA-01

FERNANDO CATANIA,

      Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: DEZERLAND PARK, LLC. through its Registered Agent:

DAVID H. REIMER
18001 COLLINS AVENUE
31ST FLOOR
SUNNY ISLES BEACH, FL 33160

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                                      DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019- 012987-CA-01

FERNANDO CATANIA,

     Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually* and
MICHAEL DEZER, *individually*

     Defendants.

_____/

SUMMONS IN A CIVIL CASE

TO: MALKA LIVINGSTON

MALKA LIVINGSTON
14401 NE 19TH AVENUE
NORTH MIAMI, FL 33181

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK               DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019 - 012987 - CA - 01

FERNANDO CATANIA,

       Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

       Defendants.

_____/

SUMMONS IN A CIVIL CASE
TO: NINJA LOUNGE, LLC., through its Registered Agent:

SIMPLY LEGAL, LLP.
1395 BRICKELL AVE
ATTN: LEGAL SERVICES
MIAMI, FL 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

5/3/2019

CLERK                           DATE
                   219401
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019-012987-CA-01

FERNANDO CATANIA,

       Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

       Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: DEZERLAND PARK, LLC. through its Registered Agent:

DAVID H. REIMER
18001 COLLINS AVENUE
31ST FLOOR
SUNNY ISLES BEACH, FL 33160

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts            5/3/2019

CLERK                          DATE

(BY) DEPUTY CLERK        CarlosP



IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019-012987-CA-01

FERNANDO CATANIA,

    Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

    Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: MALKA LIVINGSTON

MALKA LIVINGSTON
14401 NE 19TH AVENUE
NORTH MIAMI, FL 33181

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

5/3/2019

CLERK _____    DATE
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019-012987-CA-01

FERNANDO CATANIA,

      Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: MICHAEL DEZER

MICHAEL DEZER
18001 COLLINS AVENUE
SUNNY ISLES BEACH, FL 33160

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts              5/3/2019

           CarlosP

CLERK                          DATE

_____

(BY) DEPUTY CLERK



Filing # 88828540 E-Filed 05/01/2019 03:00:13 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019-012487-CA-01

FERNANDO CATANIA,

    Plaintiff,

vs.

                                       5/10/19      11:15AM
NINJA LOUNGE, LLC.                         DM        1265
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

    Defendants.

_____/

SUMMONS IN A CIVIL CASE
TO: DEZERLAND PARK, L.L.C. through its Registered Agent:

DAVID H. REIMER
18001 COLLINS AVENUE
31ST FLOOR
SUNNY ISLES BEACH, FL 33160

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL. 33130

an answer to the complaint which is herewith served upon you, within <u>20 days</u> after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts                  5/3/2019
_____    _____
CLERK                                       DATE

(BY) DEPUTY CLERK                  CarlosP



7463

## RETURN OF SERVICE

State of Florida          County of Dade          Circuit Court

Case Number: 2019-012987-CA-01

Plaintiff:
**FERNANDO CATANIA**

vs.

Defendant:
**NINJA LOUNGE,LLC., ET AL**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 7th day of May, 2019 at 2:54 pm to be served on **DEZERLAND PARK,LLC., REG. AGENT DAVID H. REIMER, 18001 COLLINS AVENUE, 31ST FLOOR, SUNNY ISLES BEACH, FL 33160.**

I, DANNY MENDEZ, do hereby affirm that on the **10th day of May, 2019 at 11:15 am, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **LAWRENCE PECAN EMPLOYEE OF DAVID H. REIMER** at the address of: **18001 COLLINS AVENUE, 31ST FLOOR, SUNNY ISLES BEACH, FL 33160 as registered agent for DEZERLAND PARK,LLC., REG. AGENT DAVID H. REIMER**, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**DANNY MENDEZ**
CPS #1265

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019007463

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c



Filing # 88828*** **-Filed 05/01/2019 03:00:13 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2019-012487-CA-01

FERNANDO CATANIA,

    Plaintiff,

vs.

NINJA LOUNGE, LLC.
a Florida Limited Liability Company,
DEZERLAND PARK, LLC.
a Florida Limited Liability Company,
MALKA LIVINGSTON, *individually and*
MICHAEL DEZER, *individually*

    Defendants.

DATE 5-14   TIME 1135A
INITIALS: C   ID# 2/5

② 1200 Brickey Ave
#850
Miami, FC 33131

**SUMMONS IN A CIVIL CASE**
TO: NINJA LOUNGE, LLC., through its Registered Agent:

SIMPLY LEGAL, LLP.
~~1395 BRICKELL AVE~~   # 900
ATTN: LEGAL SERVICES
MIAMI, FL 33131

C Kristina Wilson for RA

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

5/3/2019

CLERK _____ DATE
(BY) DEPUTY CLERK   21940*

OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM

## RETURN OF SERVICE

State of Florida                    County of Dade                    Circuit Court

Case Number: 2019-012987-CA-01

Plaintiff:
**FERNANDO CATANIA**

vs.

Defendant:
**NINJA LOUNGE,LLC., ET AL**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 7th day of May, 2019 at 2:54 pm to be served on **NINJA LOUNGE LLC., REG. AGENT SIMPLY LEGAL,LLP., ATTN:LEGAL SERVICES, 1395 BRICKELL AVE, MIAMI, FL 33131.**

I, GREG SCHULTE, do hereby affirm that on the **14th day of May, 2019** at **11:35 am**, I:

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **KRISTINA WILSON** EMPLOYEE OF SIMPLY LEGAL, LLP at the address of: **1200 BRICKELL AVE, #850, MIAMI, FL 33131** as registered agent for **NINJA LOUNGE LLC., REG. AGENT SIMPLY LEGAL,LLP., ATTN:LEGAL SERVICES,** and informed said person of the contents therein, in compliance with state statutes 48.081.

**Additional Information pertaining to this Service:**
ORIGINAL ADDRESS PROVIDED WAS AN EXECUTIVE OFFICE. THE DEFENDANT WAS NO LONGER AT THE ADDRESS. I THEN ATTEMPTED 1200 BRICKELL AVE, #850, MIAMI, FL 33131, WHERE SERVICE WAS COMPLETED.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019007464

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c